## PHILLIPS v. PHILLIPS.

Even if the evidence was sufficient to establish the defendant's guilt of adultery, the verdict was contrary to law, there being undisputed evidence of a voluntary condonation and cohabitation after notice to the plaintiff of the alleged acts tending to show the defendant had committed adultery, and the expression by him of belief in her guilt, and no evidence that adulterous acts, if committed at all, were repeated or committed after the condonation. This being so, the court erred in not granting a new trial.

April 17, 1893. Argued at the last term.

Before Judge BOWER. Miller superior court. April term, 1892.

J. R. WILLIAMS, C. C. BUSH and R. H. POWELL & SON, for plaintiff in error.

No appearance contra.

LUMPKIN, Justice.

It is fortunately rare in the administration of law that a spectacle so melancholy as that presented by the record in this case is brought to view. Nothing, certainly, can be more painful to human contemplation than a daughter's bearing witness in public to the shame and disgrace of her own mother. If the former had been forced to the stand and given the alternative of committing perjury or exposing her mother's guilt of the crime of adultery, assuming that she was guilty, conscience and duty would compel the daughter, however heart-rending it might be, to publish the shame of her best and truest earthly friend.

For a dutiful daughter placed in such a situation, and who, with reluctance and sorrow adhered to the truth notwithstanding the agony it might cause her to do so, the heart of every good man and woman would grow tender with sympathy, and all would admire the virtue and the courage which carried the witness through so trying an ordeal. No such feelings arise in contemplating the conduct of a daughter who, willingly and with-

out hesitation, and because, perhaps, of unkind feeling
engendered by the mother's opposition to what she
deemed an unwise marriage, goes to a court of justice
and with alacrity reveals her knowledge of scenes and
incidents tending to show the mother was wantonly and
shamelessly lewd.   Such seems to have been the motive
actuating the young woman who testified against her
mother in this case, and it was mainly upon her evi-
dence that the verdict in favor of a divorce was found.
It is not for us to say whether this witness spoke the
truth or not.   Of this the jury were the sole judges.
Their verdict shows that they believed her; and if the
case stopped here, it would be our solemn duty to affirm
the judgment which sustained their finding, notwith-
standing the fact that the defendant was an old woman
who, according to her own testimony, had been a chaste
and faithful wife for twenty-five years.

Another principle of law, however, entitles her to a
new trial.   Section 1715 of the code declares that "if
there has been a voluntary condonation and cohabita-
tion subsequent to the acts complained of, and with no-
tice thereof, then no divorce shall be granted."   The
evidence in this case does not show beyond doubt that
the defendant below was guilty of adultery.   It might
be sufficient, if true, to warrant the conclusion that she
was guilty; but it was conclusively proved that the
plaintiff had full notice of the acts alleged to have been
committed by her and tending to show her guilt.   In-
deed, he declared his own belief in her guilt, but after
he had received the notice and expressed this belief, he
voluntarily condoned the alleged misconduct of his wife
and cohabited with her; and there is no evidence that,
if she had ever committed adultery at all, the offence
was repeated after the condonation.   This being so, the
verdict was necessarily contrary to the law quoted from
the above cited section of the code, and a new trial must

be granted. As to what the result will be, or should be, upon the next investigation, we intimate no opinion; but it may not be inappropriate to express the hope that no case like this may ever again be perpetuated in undying memory upon the records of this court.

<em>Judgment reversed.</em>